IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE ARGENTINE LABOR COURT OF FIRST INSTANCE NO. 54 IN BUENOS AIRES, ARGENTINA IN THE MATTER OF DANIEL ALFREDO ALVAREZ JAUREGUIBERRY V. CITIBANK N.A. | * * * * * * |

CIVIL NO. 24-mc-00047

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court is the United States' *Ex Parte* Application for Order Pursuant to 28 U.S.C. § 1782(a). (ECF No. 1.) The United States seeks an order pursuant to § 1782(a) appointing Agatha Koprowski as Commissioner for the purpose of obtaining bank records from Morgan Stanley, which records have been requested by the Argentine Labor Court of First Instance No. 54 in Buenos Aires, Argentina (the "Argentine Court") in connection with a civil proceeding. (*Id.*) The matter before the Argentine Court is a labor dispute between Daniel Alfredo Álvarez Jaureguiberry and Citibank concerning compensation for an employment contract, and the Argentine Court has requested information regarding Mr. Jaureguiberry's accounts at Morgan Stanley and deposits made by Citibank into those accounts. (*Id.*)

28 U.S.C. § 1782(a) provides a procedure by which discovery materials may be provided with respect to a foreign proceeding.

> The statute identifies four mandatory conditions that must be satisfied before an application can be granted: (1) The application must be made to the "district court for the district in which the person resides or is found"; (2) the application must come from "an interested person" or a foreign tribunal; (3) the application must seek evidence, including "testimony" or "a document"; and (4) the evidence sought by the application must be "for use in a proceeding in a foreign or international tribunal."

*In re Newbrook Shipping Corp.*, 31 F.4th 889, 894 (4th Cir. 2022) (quoting 28 U.S.C. § 1782(a)). The Court is satisfied that these conditions are met.[1] First, Morgan Stanley's subpoena processing center is located in Baltimore, Maryland. *See Matter of ex parte Petition for Jud. Assistance Pursuant to 28 U.S.C. § 1782*, Civ. No. 208444BRMJAD, 2020 WL 6129607, at *2 (D.N.J. Oct. 19, 2020). Second, the application comes from a foreign tribunal, the Argentine Court. Third, the application is for documents relating to accounts held at Morgan Stanley. Finally, the documents are for use in a civil proceeding before the Argentine Court.

A request pursuant to § 1782(a) implicates a district court's discretion, as "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

> The *Intel* Court identified four factors for district courts to consider in exercising discretion under § 1782, namely: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome."

*In re Eli Lilly & Co.*, 37 F.4th 160, 168 (4th Cir. 2022) (quoting *Intel*, 542 U.S. at 264–65.) The Court has considered these factors, and concludes that the request should be granted. The Argentine Court itself has sought these documents, there is no indication that there is any attempt to circumvent any policies of this or another country, and the request is modest.

Accordingly, the Court will grant the Application.

---

[1] Applications pursuant to § 1782(a) "are often decided ex parte, with the target having a chance to later challenge the discovery order." *In re Newbrook*, 31 F.4th at 892.

DATED this 7 day of February, 2024.

BY THE COURT:

*James K. Bredar*

James K. Bredar
Chief Judge

3